```
           UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS

ROCHELLE L. HARDAWAY,          )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 04-10101-RGS
                               )
AMESBURY PUBLIC SCHOOLS        )
          Defendant.           )
```

<u>MEMORANDUM</u>

For the reasons stated below, plaintiff is advised that her complaint is subject to dismissal unless plaintiff demonstrates good cause why her complaint should not be dismissed.

<u>FACTS</u>

On January 8, 2004, plaintiff Rochelle L. Hardaway filed an application to proceed without prepayment of the filing fee and an employment discrimination complaint against the Amesbury Public Schools seeking monetary damages.

Plaintiff's complaint alleges she was employed as a teaching assistant for the 1999 - 2000 school year. <u>See</u> Complaint, ¶ 5. Plaintiff's complaint alleges that during the school year plaintiff was asked by her immediate supervisor to perform several inappropriate tasks. <u>Id.</u> at ¶¶ 6 - 9.

Plaintiff's complaint further alleges that although all other employees submitted their own evaluation at the end of the year, plaintiff's evaluation was replaced by her immediate supervisor. <u>Id.</u> at ¶ 10. Plaintiff alleges that she was the

only African American and that she did not receive the same treatment as her co-workers.  Id.

Finally, plaintiff's complaint alleges that she was "later offered a position after school began to help out the secretaries in the superintendents office where she would be safe."  Id. at ¶ 11.

## REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

2

Even construing plaintiff's complaint generously, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), plaintiff's complaint is subject to dismissal for the reasons stated below.

<u>DISCUSSION</u>

As an initial matter, the Court recognizes that plaintiff failed to sign and date the complaint she filed with the Court. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." <u>See</u> Fed. R. Civ. P. Rule 11(a); <u>see also</u> District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Moreover, plaintiff does not allege that she filed a discrimination claim with the Massachusetts Commission Against Discrimination ("MCAD) and/or the Equal Employment Opportunity Commission ("EEOC"). Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, and Chapter 151B of Massachusetts law, Mass. Gen. Laws ch. 151B, § 1, <u>et seq.</u>, a party generally must file a discrimination claim with the MCAD and/or the EEOC before filing a complaint in federal court. <u>See</u> 42 U.S.C. §

2000e-5(e)(Title VII); Mass. Gen. Laws ch. 151B §§ 5-9; <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 278 (1st Cir. 1999) (Title VII); <u>Andrews v. Arkwright Mut. Ins. Co.</u>, 423 Mass. 1021, 1021, 673 N.E.2d 40, 41 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct).  Although the filing of administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement, <u>see</u> <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982); <u>Oscar Mayer & Co. v. Evans</u>, 441 U.S. 750, 757 (1979), and plaintiff's <u>pro se</u> status does not immunize her from this requirement.  <u>See</u> <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the obligation to meet procedural requirements established by law).

CONCLUSION

ACCORDINGLY, plaintiff's complaint is subject to dismissal without further notice under 28 U.S.C. § 1915(e)(2) within thirty-five (35) days of the date of the accompanying Order unless before that time plaintiff demonstrates good cause why the complaint should not be dismissed for reasons stated above.

Dated at Boston, Massachusetts, this <u>27th</u> day of <u>September</u>, 2004.

                                         s/ Richard G. Stearns
                                        RICHARD G. STEARNS
                                        UNITED STATES DISTRICT JUDGE